UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Jodi Fleming,** ) | CASE NO. 1:16 CV 688 |
| ) | |
| **Plaintiff,** ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Monica Hogan,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

### INTRODUCTION

*Pro se* Plaintiff Jodi Fleming filed this action under Title VII, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the Rehabilitation Act, 29 U.S.C. § 794, against Communication Workers of America ("CWA") International employee Monica Hogan, CWA District #4 Vice President Linda Hinton, CWA Employee Terez Woods, CWA International and CWA District #4. In the Complaint, Plaintiff alleges the grievance she filed against her former employer, AT&T, was moved to the international branch of "CWA" and the Defendants did not keep her apprised of the status of her grievance. She does not specify the relief she seeks.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 3). That Application is granted.

### BACKGROUND

Plaintiff's Complaint is very brief. She indicates that she is an African-American female, over the age of forty, who is disabled. She states she was employed by AT&T "at the time of her disability leave of absence." (ECF No. 1 at 2). She alleges she received a letter from Hinton stating AT&T would not arbitrate, but she does not specify the dispute in question. She states Hogan informed her that her grievance was moved to the international union. She claims the Defendants did not provide her with any information or communication regarding her case. She contends Woods accused her of signing the release of medical documentation. Plaintiff asserts claims under Title VII, the ADEA, and the Rehabilitation Act. Plaintiff also alleges AT&T discharged her because she was on medical leave for more than 52 weeks and because she filed a Worker's Compensation claim. Plaintiff filed a separate action against AT&T for employment discrimination. *See Fleming v. Tench*, No. 1:16 CV 185 (N.D. Ohio filed Jan. 26, 2016). The claims against AT&T are not part of this action.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

Plaintiff has not stated a claim against the labor union or any of its employees. As an initial matter, an individual employee or supervisor who does not otherwise qualify as an "employer" may not be held liable under Title VII, the ADEA or the Rehabilitation Act. *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999); *Wathen v. General Electric Co.*, 115 F.3d 400 (6th Cir. 1997). Plaintiff does not allege sufficient facts to suggest CWA International employees Monica Hogan, Linda Hinton, and Terez Woods could be considered Plaintiff's employer as defined by these statutes.

Moreover, Plaintiff's claims against CWA International and CWA District #4 appear to be based on the union's handling of her grievance. When discrimination claims against the union are premised upon the union's failure to properly process the employee's grievance, the employee must demonstrate that the union violated its duty to the employee of fair

-3-

representation and that the union was motivated by the employee's race, gender, age, or disability. *March–Carney v. United Steel Workers Local 1055 Ass'n, Inc.*, No. 3:04 CV 0116, 2005 WL 2240110 (M.D. Tenn. Aug. 19, 2005). *See also Farmer v. ARA Serv., Inc.*, 660 F.2d 1096, 1104 (6th Cir. 1981) ("[A] union's breach of the duty of fair representation also subjects it to liability under Title VII if the breach can be shown to be because of the complainant's race, color, religion, sex, or national origin.").

Plaintiff alleges no facts in her Complaint suggesting the union did not adequately pursue her grievance because of her race, gender, age, or disability. She alleges only that her grievance was transferred to CWA International and union employees did not keep her informed of its progress. The Court is aware that, at this stage, Plaintiff is not required to plead her discrimination claims with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513–14 (2002). Nevertheless, Plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555; *Iqbal*, 550 U.S. at 678. This means that "even though a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegation in the complaint are true." *New Albany Tractor v. Lousiville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (citting *Twombly*, 550 U.S. at 555.). When the Complaint includes only conclusory allegations of discriminatory intent without supporting factual allegations, it does not sufficiently state a plausible claim for relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012). Plaintiff's blanket assertion that she is an African American female over the age of forty with a disability, without additional facts, is purely conclusory and does not plausibly suggest the union discriminated against her on the

basis of any of these factors. Her claims against CWA International and CWA District #4 are dismissed.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 3) is granted, her Motion to Stay (ECF No. 4) is denied and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/18/16